## UNITED STATES v. PANN et al.

District Court, S. D. California, S. D.
December 14, 1927.

1. **Internal revenue** ⊕=7(28)—Brokerage corporation held not a "personal service corporation," but to use capital as a material income-producing factor (Revenue Act 1918, § 200 [Comp. St. § 6336⅛a]).

A brokerage corporation, which, besides acting for others, bought and sold citrus fruits on its own account, requiring the use of capital part of which it borrowed on the credit of its assets, *held* not a "personal service corporation," within Revenue Act 1918, § 200 (Comp. St. § 6336⅛a).

2. **Corporations** ⊕=544(2), 548(3)—Property in hands of stockholders, to whom it has been distributed, is a trust fund; judgment at law against defunct corporation is not condition precedent to suit in equity to reach property distributed to stockholders.

Property of a dissolved or defunct corporation in the hands of its stockholders, to whom it has been distributed, is a trust fund, to which its creditors have the right to resort by suit in equity, and a judgment at law is not a condition precedent.

In Equity. Suit by the United States against William P. Pann and others. Decree for the United States.

Samuel W. McNabb, U. S. Atty., and Elden McFarland, Asst. U. S. Atty., both of Los Angeles, Cal.

Frank G. Fallon, of Los Angeles, Cal., for defendants.

McCORMICK, District Judge. In this suit in equity a careful review of the record convinces me that the allegations of the bill of complaint as amended have been sustained.

[1] Angelus Brokerage Company cannot be classified as a personal service corporation. It lacks at least one of the three essentials of a personal service corporation under section 200 of the Revenue Act of 1918 (Comp. St. § 6336⅛a), in that capital invested and borrowed was a material income factor, and also because the income of the concern is not to be ascribed primarily to the principal owners or stockholders. The business of the enterprise was made possible by loans made to the corporation by banks, and by employment of the capital stock of the corporation, which the evidence shows was utilized by the company in the conduct of its business. The credit which the company obtained from banks it procured upon its statements as to the ownership of real and personal property, which it carried upon its books as assets of the corporation. It was clearly established that Angelus Brokerage Company as a corporation carried on the business of buying and selling citrus fruits, and also acting as broker in the purchase and sale of fruits in its own name. The nature of its business was entirely mercantile or commercial. Its purchases and sales necessarily involved the use of capital, and its status is analogous to the enterprise held to be not a personal service corporation in Hubbard Ragsdale Co. v. Dean, Collector (D. C.) 15 F.(2d) 410. The use of capital by Angelus Brokerage Company was not incidental, but was material and essential.

[2] Defendants' contention that plaintiff has an adequate remedy at law herein cannot be sustained. It was shown that, because of its failure to pay the state license tax, its status as a corporation was suspended under St. Cal. 1915, p. 422. See U. S. v. Fairall (D. C.) 16 F.(2d) 328, where it was held that, when it is proper to treat the distributed assets of a dissolved corporation as a trust fund for creditors, there is no need of obtaining judgment against the corporation as a condition precedent to a suit in equity against the directors or stockholders, to whom there has been distributed the property of the corporation. The record in this cause shows that the defendants now own property formerly belonging to the corporation, which was received upon dissolution or suspension thereof. Under these circumstances, resort to a judgment at law would be idle and useless, and equity will interpose to prevent useless circuity. See Murray v. Sioux-Alaska M. Co. (9 C. C. A.) 239 F. 819; Crossman v. Vivienda Water Co., 150 Cal. 575, 89 P. 335; Newhall v. West Zinc Mining Co., 164 Cal. 380, 128 P. 1040; Brandon v. Umpqua Lumber Co., 166 Cal. 322, 136 P. 62. Such property in the hands of the stockholders or directors of the suspended or defunct corporation is a trust fund, to which creditors have the right to resort by a suit in equity.

In my opinion there is no merit in the claim of defendants that this suit is barred by the statute of limitations. The evidence shows that the return for the fiscal year ending February 28, 1919, was filed on July 9, 1919, and the return for the period from March 1, 1919, to December 31, 1919, was filed March 15, 1920, and that the assessment for the first period aforesaid was made on May 15, 1924, and for the latter period on January 20, 1925. The complaint herein was filed March 14, 1925, and all of the required acts appear to have been performed well within the time fixed by section 277 (a) and subdivision (d) of section 278 of the Revenue Act of 1924 (26 USCA §§ 1057, 1061; Comp. St. §§ 6336⅙zz[4], 6336⅙zz[5]), which are the statutes of limitation applicable to this suit.

The only question concerning which there is some uncertainty is the amount of tax that is due and delinquent for each of the two periods involved in this case. It would appear from the letter of the Treasury Department, Defendants' Exhibit B herein, that there should be a deduction from the assessments set out in the bill of complaint, and of course the decree herein should provide for such reduced amount. Moreover, the record is not sufficiently clear in showing the method of computation of the tax due herein. It is not clear to me at this time as to whether the taxpayer has been allowed and credited with the exemptions and deductions to which he is lawfully entitled under the Revenue Act of 1918 (Comp. St. § 6336⅛a et seq.), and unless the parties can agree upon the amount to be inserted in the decree herein it will be necessary to have a further hearing, so that a proper computation of the taxes delinquent and due can be entered in the decree in this suit.

Solicitor for the plaintiff will prepare and present a decree in accordance with the views expressed in this memorandum under the rules, and if unable to agree upon the computation of taxes the matter may be set down for further hearing, so as to consider and determine such question.