**UNITED STATES v. GARFUNKEL et al.**

District Court, S. D. New York.

July 28, 1931.

George Z. Medalie, U. S. Atty., of New York City (David Paley, of New York City, of counsel), for the United States.

Davis, Wagner & Heater, of New York City, for defendants.

PATTERSON, District Judge.

The United States filed a bill in equity to collect from the stockholders of a dissolved corporation income taxes owed by the corporation for the years 1919 and 1920. The present motion challenges the sufficiency of the bill as an entirety and in the alternative the sufficiency of that part of it which seeks to recover the 1920 tax.

The bill alleges that on February 1, 1926, the Broadway Bargain House, a New York corporation, was dissolved, and its assets distributed among the defendants as stockholders; nothing being left with which to pay taxes due to the United States. Concerning the 1919 tax, it is stated that on May 15, 1920, the corporation filed a return for the year 1919, which return understated the income for that year, wherefore an additional tax of $941.11 was assessed against the corporation on January 15, 1925; this additional tax remaining unpaid. As for the 1920 tax, the bill charges that a return was filed by the corporation on March 15, 1921, which understated income, that on May 19, 1926, an additional tax of $1,828.76 was duly assessed against the corporation, and that this sum remains unpaid. The relief demanded is that the defendant stockholders be held liable for the taxes, to the extent of the corporate property received by them.

I am of opinion that a good cause of action is stated as to both the 1919 and the 1920 taxes.

1. Stockholders who receive the assets of a dissolved corporation are under duty to discharge unpaid corporate taxes; the measure of their liability being, of course, limited to the value of the assets received. A bill in equity is an appropriate and recognized proceeding to enforce the performance of this duty. These propositions of law cannot be doubted. Phillips v. Commissioner of Internal Revenue, 283 U. S. 589, 51 S. Ct. 608, 75 L. Ed. 1289, decided by the Supreme Court May 25, 1931; United States v. Updike (D. C.) 25 F.(2d) 746, affirmed (C. C. A.) 32 F.(2d) 1; Id., 281 U. S. 489, 50 S.

Ct. 367, 74 L. Ed. 984; United States v. Mc-Hatton (D. C.) 266 F. 602; Capps Mfg. Co. v. United States (C. C. A.) 15 F.(2d) 528. Many other authorities might be cited. The remedy of proceeding against the stockholders by way of assessment and distraint, made available by section 280 of the Revenue Act of 1926 (26 USCA § 1069), is an additional remedy. Phillips v. Commissioner of Internal Revenue, supra.

The defendants maintain, however, that prior to the maintenance of a suit against them as receiving stockholders judgment for the unpaid taxes must have been recovered against the corporation and execution returned unsatisfied, and that the bill is insufficient for failure to allege the performance of this condition precedent. It is a fact that, despite the dissolution of the corporation, it may still be sued and judgment recovered against it, by virtue of section 105 of the New York Stock Corporation Law (Consol. Laws, c. 59). But it is settled that in a case like the present one judgment against the corporation and return of execution unsatisfied are not required. United States v. Fairall (D. C.) 16 F.(2d) 328; United States v. Pann (D. C.) 23 F.(2d) 714. See, also, Updike v. United States (C. C. A.) 8 F.(2d) 913, at page 918. As pointed out by Judge Learned Hand in the Fairall Case, supra, the requirement of prior judgment and execution against the corporation is not absolute. Impossibility dispenses with the requirement, as does also manifest futility. Here it is alleged that the corporation was stripped of assets and dissolved, so that a judgment against it, while doubtless obtainable, would be utterly worthless.

The defendants also rely upon the New York statute to the effect that "no action shall be brought against a stockholder for any debt of the corporation" until judgment has been recovered against the corporation and execution thereon returned unsatisfied. Stock Corporation Law, § 73. But the New York courts recognize that in exceptional cases these requirements will be dispensed with (United Glass Co. v. Vary, 152 N. Y. 121, 46 N. E. 312); moreover, it is clear that income tax is more than a "debt," which renders the statute inapplicable.

As for the argument that the bill shows on its face that the corporation upon dissolution was left with $28,000 to pay creditors, I am of opinion that this is a misconstruction of the bill. In any event, the bill goes on to allege in a later paragraph that the corporation now has no assets wherewith to pay the taxes and is dissolved. The motion to dismiss the bill as an entirety is without merit.

2. The other branch of the motion is to dismiss the cause of action based upon the 1920 tax. The bill shows on its face, it is said, that the assessment was made too late. A period of five years and sixty-four days seems to have elapsed between the filing of the return on March 15, 1921 and the making of the assessment on May 19, 1926. The present Revenue Act, like the 1926 act, fixes five years as the period for assessments of taxes under the 1918 act. 26 USCA § 1057 (a) (3). But it also provides in the same section that the running of the statute shall be suspended for the time when the Commissioner is prohibited from making the assessment (which is for sixty days after mailing notice of deficiency) and for sixty days thereafter. This furnishes the United States with one hundred and twenty additional days. While the bill does not recite that the Commissioner sent out the required notice of deficiency and waited for sixty days prior to making the assessment on May 19, 1926, it does state that the tax was "duly assessed," and the complainant is entitled to the presumption as matter of pleading that the steps necessary to a proper assessment were carried out. On the face of the bill, therefore, it seems that the assessment was a timely one.

The further point is made that, since the dissolution and transfer of assets to the defendants took place several months prior to the assessment of the 1920 tax, there was no debt for the tax at the time of the transfer. The error is in the assumption that the tax liability did not arise until the making of the assessment. There is no need that the assessment against the corporation must precede the dissolution and distribution of assets, or that the stockholders must have had notice of the unpaid tax before winding up. The United States need not plead or prove any conscious evasion of tax. The defendants' liability comes from the fact that corporate taxes and debts are prior to the claims of stockholders.

The bill states a good cause of action as to both taxes, and the motion to dismiss will be denied.