## UNITED STATES v. MORRIS & ESSEX R. CO. et al.

### No. 240.

Circuit Court of Appeals, Second Circuit.

May 7, 1943.

Frederick M. Schlater, and DeForest & Elder, all of New York City (Robert D. Elder and Frederick M. Schlater, both of New York City, of counsel), for Morris & Essex Railroad Company et al.

Edwin M. Slote, of New York City, for appellant Dryfus.

Frank J. Dufficy and Mathias F. Correa, U. S. Atty., both of New York City, for appellee.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from an order, enjoining the Delaware, Lackawanna & Western Railroad, from making any further payments to the shareholders of the Morris & Essex Railroad Company which fall due as rent under a lease of its railroad to the Lackawanna. The facts which are undisputed are as follows: In 1868 the Morris & Essex leased its property of every kind for the duration of its charter to the Lackawanna, in consideration of a semi-annual direct payment to the lessor's shareholders of "interest at the rate of seven per cent per annum, upon the par value of said stock." (To this there was later added a contingent payment of one per cent, later reduced to an absolute promise to pay three quarters of one per cent). The lessee assumed all the debts of the lessor, and agreed to pay "all taxes and assessments * * * levied or assessed on any of the property hereby granted, leased, or demised, or on the business or any of the business, done on or with the said property, or on the income or profits of the said business"; it also granted a right of re-entry to the lessor for breach of the covenant just mentioned. Since the beginning of the lease, the lessee has regularly paid to the lessor's shareholders the amounts reserved, and has incorporated an express agreement to do so in their certificates. The only possible income of the lessor is the payments themselves and the lessee's further promise to pay any income taxes "on the income or profits of the said business." The Treasury assessed income taxes against the lessor for 1933-1941, inclusive, based upon the amount of both promises. Neither the lessor nor the lessee having paid these taxes, the United States brought this action against both, praying judgment that the lessee be restrained from paying any dividends to the shareholders until the collector can levy upon them, and that after such levy, the lessee pay all dividends to the plaintiff until all arrears of income taxes have been extinguished. Three shareholders have intervened in the suit in their separate interests. The plaintiff moved for a temporary injunction on the authority of our decision in United States v. Warren Railroad Company, 2 Cir., 127 F.2d 134, which the judge held to be controlling; he also thought that the situation was also within United States v. Joliet & Chicago Railroad Co., 315 U.S. 44, 62 S.Ct. 442, 86 L.Ed. 658, and United States v. Long Island Drug Co., 2 Cir., 115 F.2d 983. The defendants then appealed.

■ If the lessor be regarded as a jural person separate from the shareholders, the order was clearly wrong. On that view the taxes levied against the lessor were not levied against the shareholders.; and the property of the shareholders—their claims against the lessee—was their property and not the lessor's. It would be plainly unlawful for the lessor's creditor to seize property of the shareholders, who are not its debtors, to pay the lessor's debts. Moreover, if that be the right way to look at the lease, the lessor has never had any income to tax, for the only income which can be attributed to it is the dividends payable to the shareholders, and perhaps the promise to pay the income taxes themselves. On the other hand, if those payments can be imputed to the lessor as income so that an income tax can properly be imposed upon them, it must follow that they are available to satisfy the tax; for it would be absurd at once to hold that the dividends were the lessor's income for the purpose of assessing a tax against it, but were the shareholders' income for the purpose of collecting that very tax. We start therefore with the premise that, if the shareholders are to be identified with the lessor in one aspect, they must be in the other; and now it has been authoritatively decided that such guaranteed dividends, though payable directly to the shareholders, are income of the lessor and may be taxed as such. United States v. Joliet & Chicago Railroad Co., 315 U.S. 44, 62 S. Ct. 442, 86 L.Ed. 658. The reason for this is clear. The shareholders did not disband as a group, or dissolve the corporation; they could not, for they needed it for the future. If they had done so, they would have become shareholders or creditors of the lessee which would not have served their purpose; the lessee might default, and they would then wish to retake their railroad, for whose operation a corporation would be essential. For these reasons they continued to use the corporate form, and they cannot retain the privilege without accepting the burdens, one of which

is that any collective income shall bear a tax. Courts will not allow the fictitious personality of a corporation to be used as a means for avoiding public duties; and the form of this transaction cannot conceal the truth that payments to the corporation are for all practical purposes payments to its shareholders; and payments to its shareholders, payments to the corporation. It is true that the Treasury may take a taxpayer at his word, so to say; when that serves its purpose, it may treat his corporation as a different person from himself; but that is a rule which works only in the Treasury's own favor; it cannot be used to deplete the revenue. Higgins v. Smith, 308 U.S. 473, 60 S.Ct. 355, 84 L.Ed. 406.

 The tax being valid and collectable from the payments as property of the lessor, it only remains to consider whether the action is a proper means procedurally for that purpose. In United States v. Warren Railroad Co., supra, 127 F.2d 134, pages 137, 138, we said as we had already said in United States v. Long Island Drug Co., 2 Cir., 115 F.2d 983, 986, that § 3710 of Title 26 U.S.C.A. Int.Rev. Code, covered such an action. That necessarily involved a holding that the action was for a "penalty" imposed for the failure of a person holding property, or "rights to property," on which a collector had distrained, to "surrender such property or rights." In each case this was not necessary to the result; and when in United States v. Metropolitan Life Insurance Company, 2 Cir., 130 F.2d 149, the point was inescapably presented, we held the precise opposite after full deliberation. What we said in United States v. Warren Railroad Company, supra, 127 F.2d 134, page 139, was however only a dictum, because, as we also said, "the above procedure is the counterpart of a judgment creditor's suit in which it is not required that execution be issued and returned unsatisfied." That is to say, the creditor (the Treasury) is seeking to apply to the payment of its claim a debt which a third person (the lessee) owes to the debtor (the lessor). It will at once be retorted that this action cannot be treated as a creditor's suit because the plaintiff has never got judgment on the tax against the lessor, and because obviously it has not levied execution. But although ordinarily both these are conditions to such a suit (Smith v. Railroad Co., 99 U.S. 398, 401, 25 L.Ed. 437), they are not invariably so. It is enough for example to toll the first that the debtor acknowledges the debt (Scott v. Neely, 140 U.S. 106, 113, 11 S.Ct. 712, 35 L.Ed. 358; Talley v. Curtain, 4 Cir., 54 F. 43; Hatch v. Morosco Holding Co., 2 Cir., 50 F.2d 138); and to toll the second that the debtor is insolvent. Case v. Beauregard, 101 U.S. 688, 25 L.Ed. 1004; Motlow v. Southern Holding & Securities Corp., 8 Cir., 95 F.2d 721, 723, 119 A.L.R. 1331. Although the lessor disputes the debt and is not insolvent, other circumstances supply the place of these, as well as of judgment and execution. In the first place the tax is not like an ordinary claim; the plaintiff need not wait for judgment in order to levy execution; it can distrain ten days after notice and demand. § 3690, Title 26 U.S.C.A. Int.Rev.Code. And if it can distrain and sell without any judgment, not only the lessor's chattels, but this very chose in action, the assessment is itself the equivalent of a judgment for purposes of collection. Therefore, any protection to the debtor by requiring judgment as a preliminary would be out of place here; for certainly there is no reason to protect it as to this form of property when it would enjoy no such protection as to any others, or even as to the sale of this. Furthermore, at least as to the tax upon the payments to shareholders, there is no doubt about the validity of the tax anyway. Nor should the second condition—execution as an evidence of exhausting legal remedies—be required. The lessee has no other property on which to distrain; and, although the plaintiff might distrain upon the chose in action and sell it, that is not an adequate remedy; it would be excessively wasteful to both the plaintiff and the lessor. We do not forget that in Scott v. Neely, supra, 140 U.S. 106, 113, 11 S.Ct. 712, 715, 35 L.Ed. 358, it was said that "there must be, in addition to such acknowledged or established debt, an interest in the property or a lien thereon created by contract or by some distinct legal proceeding." With all deference we should hesitate today before imposing such a condition upon a creditor's suit, if it ever existed. Be that as it may, a lien will in any event be created upon the cause of action at bar upon "notice and demand" for payment of the tax. § 3670, Title 26 U.S.C.A. Int.Rev.Code. The path being therefore cleared for an action by the plaintiff as substitute obligee of the les-

sor's right of action against the lessee, the tax can be recovered in full, and to that end the asset must be preserved meanwhile.

Judgment affirmed.