SAMUEL WILCOX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FLORENCE W. BOSWORTH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 102192, 102269. Promulgated March 7, 1951.

*A. Loeb Salkin, Esq.*, for the petitioners.
*Walt Mandry, Esq.*, for the respondent.

574

ARUNDELL, *Judge:* It is now well established that rentals such as were paid in 1930 by the lessee, Western Union, constitute income and are taxable to the lessor, New York Mutual, ·even though paid directly to the lessor's stockholders under the terms of the lease agreement. See *United States* v. *Joliet & C. R. Co.*, 315 U. S. 44. The petitioners herein do not dispute the respondent's finding that as a result of this rule income tax in the amount of $653.04 for the calendar year 1930 is still owing and unpaid by New York Mutual, nor do they deny that during 1930 they received rentals from Western Union under the lease agreement in the amounts respondent now seeks to recover in satisfaction of New York Mutual's tax liability for that year.

The sole issue is whether the respondent is correct in his determination that the petitioners are each liable to the extent of the rentals received in 1930 for the deficiency in tax as transferees of New York Mutual within the meaning of section 311 of the Revenue Act of 1928.

Petitioners point out that the statute imposes the burden of proof in respect to transferee liability upon the respondent. See section 1119, I. R. C. Petitioners contend that to sustain this burden the respondent must first establish that a transfer of assets was made to the petitioners at a time when New York Mutual was insolvent or that New York Mutual was rendered insolvent by reason of such transfer and, second, must show that he has exhausted all reasonable means of collecting the tax from New York Mutual, the primary obligor, or that further proceedings would be ineffectual. *Terrace Corporation*, 37 B. T. A. 263; *Oswego Falls Corporation*, 26 B. T. A. 60, affd., 71 Fed. (2d) 673; *Wire Wheel Corporation of America*, 16 B. T. A. 737, affd., 46 Fed. (2d) 1013; *Phil Gleichman*, 17 B. T. A. 147.

Respondent has shown the assessment of the tax for 1930 against New York Mutual and the service of notice and demand for payment. Assessment was also made against Western Union as transferee and tax in the amount of $17,053.92 was thereafter collected from Western Union. Petitioners nevertheless argue that the respondent still possesses effective means of collecting the full amount of unpaid tax from New York Mutual and is required to pursue such remedies before he may resort to transferee liability against its stockholders. Petitioners cite the opinions of the Court of Appeals for the Second Circuit in *United States* v. *Warren R. Co.*, 127 Fed. (2d) 134, and *United States* v. *Morris & Essex R. Co.*, 135 Fed. (2d) 711, as authority that respond-

ent may collect the tax from New York Mutual by applying for an order enjoining the payment of further rentals by Western Union to the stockholders until such rentals have been applied in full satisfaction of New York Mutual's delinquent taxes. See also 174 A. L. R. 1366, 1383. Petitioners point out that respondent has adopted this course of action in respect to New York Mutual's tax liability for the years 1931 to 1939, inclusive, and has succeeded in obtaining a temporary restraining order in an action instituted before the United States District Court for the Southern District of New York.

As further evidence that New York Mutual possesses an enforceable property right in and to the rentals upon which the Commissioner can levy, petitioners point out that a New York court has recently held, in *Northwestern Telegraph Co.* v. *Western Union Telegraph Co.*, 99 N. Y. S. (2d) 331, where a similar lease agreement was in effect that the lessor may bring an action in its own right to enjoin the further payment of rentals to its stockholders until such rentals have been applied in satisfaction of its income tax liability to the Government.

Respondent assessed the tax for 1930 and issued notice and demand for payment but found no property in the hands of New York Mutual upon which to levy or distrain. Although it appears that under New York law a lien attached in favor of the Government upon the reversionary interest of New York Mutual in the leased properties, see *Johnson* v. *Western Union Telegraph Co.*, 293 N. Y. 379, 57 N. E. (2d) 721, it is nevertheless clear that the value of such a reversionary interest was inconsequential as far as the Commissioner's problem of collecting the unpaid tax was concerned.

The creditor of an impoverished debtor has long possessed the right to invoke the aid of equity in following and setting aside any subsequent transfer which is made by a debtor for insufficient consideration and leaves the debtor without sufficient property to discharge his existing obligations. Such transfers are characterized as being in fraud of existing creditors regardless of the debtor's actual intent, and the creditor, upon showing that he has exhausted his remedies at law against the debtor, may resort to equity and there attempt to have any such fraudulent transfers set aside. See American Jurisprudence, vol. 24, pars. 187–190, pp. 314–316, par. 213, pp. 330–331. The rights of the Commissioner as a creditor in the collection of Federal taxes are essentially the same and the principal purpose of section 311 was to provide the Commissioner with the same summary procedures for collection of the tax from transferees as he previously possessed in respect to the taxpayer. See *Phillips* v. *Commissioner*, 283 U. S. 589. Surely the Commissioner in the instant case, having assessed the tax and found New York Mutual possessed of no tangible property, no existing contractual right to any part of the rentals,

and no contractual obligation on the part of Western Union or the stockholders to pay the tax for New York Mutual, has exhausted his remedies at law.

We have uncovered no decisions under the law of fraudulent conveyances or under section 311 requiring a creditor, once he has exhausted his legal remedies against the debtor, to resort to any particular equitable remedy which may be preferred by the debtor's transferees. Yet this is the substance of the petitioners' argument for if we accept their contention that New York Mutual possesses a right similar to that recognized in *Northwestern Telegraph Co.* v. *Western Union Telegraph Co.*, 99 N. Y. S. 2d 331, the fact remains that the right is enforceable only in an equitable proceeding and New York Mutual has not as yet made any effort to perfect such a right and thereby recover enough of the rents from Western Union to meet its tax obligations. It may well be that if such a right had been established by New York Mutual and a fund had been accumulated or had been provided for upon which the Commissioner could levy in satisfaction of the tax, he would then have been required to look to that fund before pursuing the transferees herein who are secondarily liable. However, where there is no tangible or intangible property in the hands of the taxpayer upon which the Commissioner can levy in satisfaction of the tax and there exists at best only a choice between two equitable remedies, we do not think that the Commissioner must first pursue an untried claim which the transferor may have against a third person, and thereby involve the Government in protracted litigation, as a condition precedent to his alternative recourse against the transferees. Cf. *W. W. Cleveland*, 28 B. T. A. 578, affd., 77 Fed. (2d) 184.

Such is the import of the decision of the Court of Appeals for the Second Circuit in *Commissioner* v. *Western Union Telegraph Co.*,* 141 Fed. (2d) 774, certiorari denied, 322 U. S. 751, where it was held that Western Union as a stockholder of New York Mutual was liable as a transferee for a part of New York Mutual's unpaid taxes for the years 1931, 1932 and 1933. In reaching this conclusion, the court expressly recognized the Government's right to proceed against Western Union, as lessee, and to enjoin the further distribution of rents by Western Union to the stockholders of New York Mutual until the tax indebtedness of New York Mutual had been paid, stating:

We have heretofore held that taxes found to be due by the lessor under such circumstances, when it has no property with which to pay its income tax obligations, may be collected by means of an application by the government for an order enjoining the payment of the rental dividends to the lessor's stockholders until the collector shall have been able to satisfy the lessor's delinquent taxes therefrom. *United States* v. *Warren R. Co.*, 2 Cir., 127 F. 2d 134; *United States* v. *Morris & Essex R. R. Co.*, 2 Cir., 135 F. 2d 711. In the present proceedings

*See *Western Union Telegraph Co.*, T. C. Memorandum, entered July 24, 1942.

the government seeks to employ an additional remedy for the collection of the lessor's income tax by following distributions of income paid by the lessee to the lessor's stockholders as transferees.

The court concluded that:

In view of the relations of the lessors to their stockholders as defined in the *Joliet* case, we hold that in the cases before us there were transfers of income by the former to their stockholders which were in derogation of the rights of the creditors of the lessors under the state law.

Although the result reached in *Commissioner* v. *Western Union Telegraph Co.*, *supra*, would seem to be dispositive of the present proceedings, petitioners argue that the cases here involved may be distinguished on the ground that the parties in *Commissioner* v. *Western Union Telegraph Co.*, *supra*, stipulated that New York Mutual was insolvent whereas here the petitioners are contending to the contrary. In our opinion, the petitioners' attempt to distinguish the cases on this basis is without merit. The temporary injunction obtained by the Government on January 3, 1950, does not involve the taxable year 1930 so that there will be no fund established by the order of the court in those proceedings upon which the Commissioner can levy in satisfaction of New York Mutual's unpaid tax for the year 1930. Moreover, apart from the fact that the parties voluntarily stipulated the insolvency of New York Mutual in *Commissioner* v. *Western Union Telegraph Co.*, *supra*, we can find no valid factual or legal distinction between the position of Western Union as a transferee in that proceeding and the status of the petitioners as transferees in the present case. See also *New Jersey Title Guarantee & Trust Co.*, 13 T. C. 674, affd., 183 Fed. (2d) 169.

Therefore, we have concluded, upon the authority of *Commissioner* v. *Western Union Telegraph Co.*, *supra*, that the petitioners are liable for the delinquent taxes of New York Mutual for the taxable year 1930 to the extent of the rents received by them from Western Union in that year.

Reviewed by the Court.

*Decisions will be entered for the respondent.*