Edith Scoville, Transferee v. Commissioner. Mary Frances McChesney, Transferee v. Commissioner. Helen H. Smith Trust, Transferee, The Stamford Trust Company, Trustee v. Commissioner. Camden Fire Insurance Association, Transferee v. Commissioner.
Scoville v. Commissioner
Docket Nos. 102519, 102522, 102781, 102875.
United States Tax Court
1951 Tax Ct. Memo LEXIS 280; 10 T.C.M. (CCH) 280; T.C.M. (RIA) 51078; March 28, 1951
*280 Petitioners, who as stockholders received rental-dividends from a corporation in 1930, held liable as transferees for the unpaid income taxes of the transferor corporation for the year 1930. Samuel Wilcox, 16 T.C. 572, followed. A. Loeb Salkin, Esq., William Byrd, Esq., and Irving Smith, Jr., Esq., for the petitioners. Walt Mandry, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion These proceedings, consolidated for trial and opinion, arise from the respondent's determination that the petitioners, as transferees, are liable for deficiencies in income tax for the calendar year 1930 in the following amounts: Docket No.
Petitioner
Amount
102519 *
Edith Scoville
$500.00
102522 *
Mary Frances McChesney
625.00
102781
Helen H. Smith Trust,
Transferee, The Stam-
ford Trust Company,
Trustee
412.50
102875
Camden Fire Insurance
Association
540.00
*281 The sole issue herein is whether the petitioners are liable as transferees for the unpaid income taxes of the Southern and Atlantic Telegraph Company for the year 1930 under the provisions of section 311 of the Revenue Act of 1928. Findings of Fact Edith Scoville is an individual residing at 71 East 71st Street, New York, N. Y. Mary Frances McChesney is an individual with an address in care of Becket & Wagner, attorneys-at-law, Lakeville, Connecticut. The Helen H. Smith Trust is a trust of which The Stamford Trust Company, Stamford, Connecticut, is trustee. Camden Fire Insurance Association is a New Jersey corporation with its principal office at 434 Federal Street, Camden, New Jersey. The Southern and Atlantic Telegraph Company, hereinafter referred to as Southern and Atlantic, is a New York corporation whose principal office is and was at all times material to the issue herein, located at 60 Hudson Street, New York, N. Y. Prior to July 10, 1876, Southern and Atlantic was *282 engaged in the business of transmitting messages by telegraph. The capital stock of Southern and Atlantic consists of 37,962 shares of common stock of the par value of $25 per share. The Western Union Telegraph Company, hereinafter referred to as Western Union, is a New York corporation whose principal office is, and was at all times material to the issues herein, located at 60 Hudson Street, New York, N. Y.
On July 10, 1876, Southern and Atlantic leased its telegraph system and all of its other property to Western Union for a term of 92 years, and thereafter for such further term as would make a full term of 999 years for the following consideration: "FOURTH. And in consideration of the premises the said party of the second part hereby covenants and agrees for itself its successors and assigns to pay to the said party of the first part during each and every year of the term herein created a rental equal to five per centum on the par value of so much of the Capital Stock of the party of the first part now outstanding and also of so much more thereof as the existing contracts and the actual and contingent liabilities of the party of the first part may require it to issue provided *283 however that such sum so to be paid as the annual rental to the party of the first part shall not exceed five per centum on nine hundred and fifty thousand dollars capital stock; said payment to be made semi-annually at the office of the Treasurer of the WESTERN UNION TELEGRAPH COMPANY in the City of New York on the first days of April and October during the full term of this Lease. "FIFTH. And it is further agreed that the party of the second part in lieu of making payment to the party of the first part through its Treasurer or other officer shall, except as hereinafter otherwise provided in sections fourteen and fifteen pay the rental herein reserved to the several stockholders of the party of the first part rateably and in proportion to the number of shares of stock held by each Stockholder respectively. Provided however that payment to the several stockholders as aforesaid shall not affect or impair the right of the party of the first part to bring suit in its own name for any default by the said party of the second part in making any payment at the time specified in this agreement." Thereafter, Western Union took complete possession of the property covered by the lease agreement *284 and Southern and Atlantic has at no time since then had possession of or operated its telegraph system. The leased properties have been so intermingled with the properties of Western Union that they are not now subject to identification or segregation. Western Union has in all years since, including 1930, paid and distributed the annual rental of $47,500 to the stockholders of Southern and Atlantic in accordance with the terms of the lease agreement. The $47,500 received by the stockholders of Southern and Atlantic in the year 1930 constituted taxable income to Southern and Atlantic and that company was liable for Federal income tax for the year 1930 in the amount of $5,700. The Commissioner assessed a deficiency in income tax for 1930 against Southern and Atlantic in the amount of $5,700, consisting of original tax of $3,347.55 and additional tax of $2,352.45. The Collector of Internal Revenue for the Second District of New York served notice and demand upon Southern and Atlantic for payment of the original tax of $3,347.55 on September 11, 1931, and for the payment of the additional tax of $2,352.45 on March 2, 1939, but Southern and Atlantic has paid no part of the tax. A notice *285 of distraint was issued by the Collector with respect to the original tax of $3,347.55 on May 5, 1932, which was returned unsatisfied. No warrant of distraint was issued with respect to the additional tax of $2,352.45. Western Union, as a transferee, has paid $2,345.85, and other persons, as transferees, have paid $368.99 of the total tax of $5,700, presently leaving an unpaid tax liability of Southern and Atlantic for 1930 in the amount of $2,985.16. Edith Scoville was the owner of 400 shares of Southern and Atlantic common stock during the taxable year 1930 and by reason thereof received in that year dividends in the amount of $500 from Western Union. Mary Frances McChesney was the owner of 500 shares of Southern and Atlantic common stock during the taxable year 1930 and by reason thereof received in that year dividends in the amount of $625 from Western Union. The Helen H. Smith Trust, The Stamford Trust Company, Trustee, was the registered holder of 330 shares of Southern and Atlantic common stock during the taxable year 1930 and by reason thereof received in that year dividends in the amount of $412.50 from Western Union. Camden Fire Insurance Company was the owner of *286 432 shares of Southern and Atlantic common stock during the taxable year 1930 and by reason thereof received in that year dividends in the amount of $540 from Western Union. Notices of transferee liability for the deficiency of Southern and Atlantic involved herein were issued by the Commissioner to the "Helen H. Smith Trust, Transferee, Stamford Trust Company, Trustee" on February 21, 1940, and to the petitioners Edith Scoville, Mary Frances McChesney and Camden Fire Insurance Association on February 23, 1940. On or about February 27, 1950, the United States, at the request of the Commissioner, commenced a civil action against Western Union and Southern and Atlantic in the United States District Court for the Southern District of New York, for income tax and interest due from Southern and Atlantic for the years 1931 to 1939, inclusive, and praying that a decree be entered enjoining Western Union from paying rental dividends to the stockholders of Southern and Atlantic until the income taxes due to the Government and the interest thereon have been satisfied in full. On or about March 10, 1950, a preliminary injunction to this effect was issued by the District Court. The petitioners *287 herein, Edith Scoville, Mary Frances McChesney, the Helen H. Smith Trust, and Camden Fire Insurance Association are liable to the extent of $500, $625, $412.50 and $50, respectively, as transferees for the unpaid income tax of Southern and Atlantic for 1930. Opinion ARUNDELL, Judge: The defenses offered by the petitioners, Edith Scoville, Mary Frances McChesney, the Helen H. Smith Trust, and Camden Fire Insurance Association, to the Commissioner's determination of transferee liability, i.e., that the Commissioner has not shown the insolvency of Southern and Atlantic and has not exhausted all reasonable means at his disposal for collecting the tax from Southern and Atlantic, have been fully considered and decided adversely to the petitioners in Samuel Wilcox, 16 T.C. 572, promulgated March 7, 1951. No material difference having been shown to exist between the facts or questions of law presented in $ Samuel Wilcox, supra, and those advanced in these proceedings, it follows that the petitioners Edith Scoville, Mary Frances McChesney, Helen H. Smith Trust, and Camden Fire Insurance Association are liable as transferees under the provisions of section 311 of *288 the Revenue Act of 1928 for the unpaid income tax of Southern and Atlantic for 1930 in the amounts of $500, $625, $412.50, and $540, respectively. Decisions will be entered for the respondent. Footnotes
*. These proceedings have been submitted under Rule 30(a) and upon a joint motion of the parties have been consolidated with and submitted for decision upon the record made in the other cases herein.↩