OPINION. Arundell, Judge: The contention of the petitioners herein that the respondent has not exhausted his remedies for the collection of the tax from Pacific and Atlantic and, therefore, is barred from proceeding against the petitioners as transferees under section 311 of the Revenue Act of 1928 has been disposed of by our opinion in Samuel Wilcox, 16 T. C. 572, promulgated March 7, 1951. The facts and the legal defenses to transferee liability raised by the parties and passed upon in Wilcox are for all practical purposes identical with those advanced by the petitioners, The Hartford Steam Boiler Inspection and Insurance Company, and Mary Frances McChesney, and therefore our decision in Wilcox is dispositive of the present proceedings in so far as they involve those petitioners. However, the petitioners Ethel W. Thomas and United States Trust Company of New York have offered secondary defenses to transferee liability which we must discuss and decide. Petitioner Thomas suggests that she should not b9 compelled to pay the portion of Pacific and Atlantic’s 1930 tax assessed against her as a transferee when the record shows that she owned no stock of Pacific and Atlantic in 1930, “and, of course, received no dividend distributions thereon for that year.” It appears that the estate of the petitioner’s mother, Frances Wood, received rental-dividends of $200 in 1930, and on April 6, 1931, the entire estate, including the shares of stock, passed to the petitioner who was the sole residuary legatee under her mother’s will. While the Commissioner might have choseji to assess the transferee liability herein against the estate of the petitioner’s mother as the first recipient of the distribution in controversy, see Hulburd v. Commissioner, 296 U. S. 300, it is clear that he had the alternative right to follow the funds into the hands of the petitioner who ultimately received the stock and the 1930 distribution from the estate without consideration as the sole legatee. Christine D. Muller, 10 T. C. 678; Atlas Plywood Co., 17 B. T. A. 156. It follows that the petitioner Ethel W. Thomas is liable as a transferee within the meaning of section 311 of the Revenue Act of 1928 for the unpaid tax of Pacific and Atlantic for the calendar year 1930 to the extent of $200. In the case of the petitioner United States Trust Company of New York, the narrow question remains as to whether the Commissioner may hold a trustee liable as a transferee where the dividends in question were received by the trustee in that capacity and were distributed in the same year to the life beneficiary of the trust. Petitioner states that as a general rule transferee liability can only be maintained against a person who receives the beneficial use of the transferred assets. Nathan Rolnick, 20 B. T. A. 989; Mertens, Law of Federal Income Taxation, Vol. 9, section 53.16, pp. 503, 504. However, an examination of the authorities cited by petitioner shows that this rule is limited to the proposition that a trustee’s receipt of funds subject to the unpaid tax liability of the transferor of itself does not establish individual liability on the part of the trustee as a transferee. The rule clearly has no applicability herein for the notice of transferee liability discloses that it was issued to the “Trust u/w of Philander K. Cady, Transferee” and that no transferee liability was determined against the petitioner individually. It appears from the notice that the only capacity in which the petitioner is involved herein is in its capacity as trustee and legal representative of the trust. See Estate of L. E. McKnight, 8 T. C. 871, 872. Petitioner alleges that the dividends it received as trustee were distributed in every year, including 1930, to Helen Sophia Cady, the life beneficiary of the trust, and that the 460 shares of Pacific and Atlantic stock held by the trust were sold on January 7, 1937. Petitioner also points out that the first notification it received from the Commissioner as to transferee liability on the part of the trust for the unpaid taxes of Pacific and Atlantic occurred on February 19, 1940. Petitioner argues that the receipt of the notice after the sale of the stock prevented its withholding dividends therefrom sufficient to satisfy the transferee liability. Petitioner clearly cannot now absolve the trust of transferee liability by showing that the distributions of cash which were received from the transferor in 1930 were expended, distributed, or otherwise disposed of, or that the stock itself was sold by the trust prior to the receipt of the notice of transferee liability. In 1930, the trust was a stockholder of Pacific and Atlantic and was entitled to the rental-dividends it received from Western Union in that year. However, such distributions were received by the trust subject to the unpaid tax owing thereon by Pacific and Atlantic for that year and it matters not that the trustee was unaware of Pacific and Atlantic’s tax liability at that time, or that they were passed on to the beneficiary. Moreover, the petitioner was notified of the Government’s claim against the trust as a transferee on February 19, 1940. The petition herein was filed on April 4, 1940, and the respondent’s answer was filed on May 31, 1940. Thereafter, until 1948, when the corpus of the trust was distributed, petitioner had ample time and opportunity to withhold enough of the trust income from the same life beneficiary who had received the distribution in 1930 to satisfy or protect itself against the Government’s claim. Nor does the fact that the corpus has been distributed by the petitioner in the face of the Government’s claim relieve the trust from transferee liability. Petitioner complains that it now possesses no funds from which it can satisfy the liability determined by the Commissioner. Whether the distribution of all of the assets of the trust may render the Commissioner’s task in collecting the tax more difficult or whether he may ultimately be forced to proceed against the petitioner individually under section 3467 of the Revised Statutes or against the estate of the life beneficiary is of no concern to us in this proceeding. The sole question raised by the pleadings is the liability of the trust as a transferee and it suffices to say that, in our judgment, the trust and therefore the petitioner in its capacity as trustee is liable as a transferee under the provisions of section 311 of the Revenue Act of 1928 for the unpaid tax of Pacific and Atlantic for 1930 to the extent of $200, representing the rental-dividends it received in that year from Western Union. Decisions will be entered for the respondent.