The Connecticut Fire Insurance Company, Transferee v. Commissioner. The Estate of Luella C. Hale, Transferee, The First National Bank of Hartford, Executor v. Commissioner.
Connecticut Fire Ins. Co. v. Commissioner
Docket Nos. 102462, 102482.
United States Tax Court
1951 Tax Ct. Memo LEXIS 263; 10 T.C.M. (CCH) 347; T.C.M. (RIA) 51108; April 12, 1951
*263 Petitioners, who as stockholders received rental-dividends from a corporation in 1930, held, liable as transferees for the unpaid income taxes of the transferor corporation for the year 1930. Samuel Wilcox, 16 T.C. 572, followed. Frank Chapman, Esq., for the petitioners. Walt Mandry, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion These proceedings, consolidated for trial and opinion, arise from the respondent's determination that the petitioners, as transferees, are liable for deficiencies in income tax for the calendar year 1930 in the following amounts: Doc. No.
Petitioner
Amount
102462
The Connecticut Fire Insur-
ance Company $800
102482
The Estate of Luella C. Hale $332
The sole issue herein is whether *264 the petitioners are liable as transferees for the unpaid income taxes of The Empire and Bay State Telegraph Company for the year 1930 within the meaning of section 311 of the Revenue Act of 1928. Findings of Fact The Connecticut Fire Insurance Company is a Connecticut corporation with its principal office at 30 Trinity Street, Hartford, Conn. The First National Bank of Hartford is a national banking association located at Hartford, Conn., and is the duly qualified executor of the Estate of Luella C. Hale. The Empire and Bay State Telegraph Company, hereinafter referred to as Empire and Bay States, is a New York corporation whose principal office is and was at all times material to the issue herein located at 60 Hudson Street, New York, N. Y. The capital stock of Empire and Bay States consists of 3,000 shares of common stock of the par value of $100 per share. The Western Union Telegraph Company, hereinafter referred to as Western Union, is a New York corporation whose principal office is and was at all times material to the issues herein located at 60 Hudson Street, New York, N. Y.
Empire and Bay States was engaged in the business of transmitting messages by telegraph prior *265 to February 28, 1890, on which date it leased to Western Union for a term of 99 years from March 1, 1890, all of its lines and property of every description for the following consideration: "SECOND. * * * the Lessee hereby covenants and agrees for itself its sucsessors and assigns, to pay to the lessor, or its successor Company, if one be organized, the annual rental or sum of twelve thousand dollars ($12,000.00) in equal quarterly installments of three thousand dollars ($3000.00) the first payment to be made on the first day of December 1890 for the quarter ending November 30th, 1890, * * *. "If the Lessor shall retire its outstanding bonds and stock and form a new Company with a capital stock of $300,000.00 without any bonds or other liens or indebtedness, or shall reduce its outstanding stock and bonds to a capital of $300,000.00 in stock, without any bonds or other liens or indebtedness the Lessee will, at the request of the majority of the Stockholders of the Lessor, or of its successor Company, endorse in proper terms on the certificates of stock of the Lessor or of its successor Company and each of said certificates respectively a convenant to pay directly to said Stockholders *266 pro rata, the said sum of twelve thousand dollars ($12,000.00) aforesaid; subject to the terms and conditions of this agreement." The lease further provided: "FOURTH. * * * that in case of failure of the Lessee, its successors or assigns, to pay the sums of money aforesaid or any part thereof, at the times specified, and that if the same remain due and unpaid for the period of thirty days after the President of the WESTERN UNION TELEGRAPH COMPANY shall be specifically notified thereof in writing, then the Lessor may at its option, terminate this lease, and thereupon resume possession forthwith of all the property, rights and franchises hereby demised, conveyed or transferred as in its first and former estate. But if the Lessee shall be enjoined against paying said rental or any part thereof, to the Lessor, by any creditors of the Lessor, or otherwise, on account of its floating debt, or otherwise, the Lessee may retain said rental or such part thereof as it may be enjoined from paying over to the Lessor, and may apply the same as may be directed by the Court, and such retention and application of said rental, shall not operate as such failure nor have the effect of terminating *267 this lease. * * *
"SIXTH. The Lessee further agres [agrees] at the expiration of the term hereby created, or on the termination of this lease for any cause, to deliver the lines and property hereby leased back to the Lessor in as good condition as they were in when turned over to the Lessee, ordinary wear and tear excepted, and subject to such alterations and modifications as may become necessary in the natural development or changes in said business." Prior to 1930, Western Union, as lessee, endorsed on the outstanding stock certificates of Empire and Bay States its covenant to pay the annual rental of $12,000 directly to the stockholders of Empire and Bay States. From and after March 1, 1890, Western Union took complete possession of the properties covered by the lease agreement and Empire and Bay States has at no time since then had possession of or operated its telegraph system. The leased properties have been so intermingled with the properties of Western Union that they are not now subject to identification or segregation. Since the leasing of its physical properties to Western Union, Empire and Bay States has had neither office space, books, records nor bank accounts *268 and the properties so leased are reflected in the property accounts of Western Union without segregation from the other properties it operates. Western Union has in all years, including 1930, paid and distributed the annual rental of $12,000 to the stockholders of Empire and Bay States in accordance with the terms of the above agreement. The $12,000 received by the stockholders of Empire and Bay States in the year 1930 constituted taxable income to Empire and Bay States and that company was liable for Federal income tax for 1930 in the amount of $1,080. The Commissioner assessed a deficiency in income tax for 1930 against Empire and Bay States in the amount of $1,080, consisting of original tax of $986.88 and additional tax of $93.12. The Collector of Internal Revenue for the Second District of New York served notice and demand upon Empire and Bay States for payment of the original tax of $986.88 on August 11, 1931, and for payment of the additional tax of $93.12 on March 2, 1939, but Empire and Bay States paid no part of the tax. A warrant of distraint was issued by the Collector with respect to the original tax of $986.88 on May 5, 1932, which was returned unsatisfied. No warrant *269 of distraint was issued with respect to the additional tax of $93.12. Of the $1,080 constituting the income tax liability of Empire and Bay States for 1930, the sum of $511.96 remains unpaid, payments of $568.04 having been made by Western Union and other persons as transferees. The Connecticut Fire Insurance Company was the owner of 200 shares of Empire and Bay States common stock during 1930 and in that year received by reason thereof rental-dividends in the amount of $800 from Western Union. A notice of transferee liability in the amount of $800 for the unpaid income taxes of Empire and Bay States was issued by the Commissioner in the name of the Connecticut Fire Insurance Company on February 9, 1940. Luella C. Hale was the owner of 83 shares of Empire and Bay States stock during 1930 and in that year received by reason thereof rental-dividends in the amount of $332 from Western Union. Luella C. Hale died on August 12, 1938, and her estate was thereafter administered by The First National Bank of Hartford, as executor. The 83 shares of Empire and Bay States common stock were sold by the executor during the administration of the estate. The executor filed its final accounting *270 for the estate which was approved and accepted on October 11, 1939. The aforesaid accounting made no reference to the liability of Luella C. Hale as a transferee for the unpaid income taxes of Empire and Bay States. Thereafter, the estate was settled and its assets distributed. The Commissioner issued a notice of transferee liability in the amount of $332 for the unpaid income tax of Empire and Bay States for 1930 in the name of "Luella C. Hale, Transferee" on February 9, 1940. On May 7, 1940, The First National Bank of Hartford, as executor, filed a petition with the Board of Tax Appeals disputing the Commissioner's determination of transferee liability. On February 27, 1950, the United States, at the request of the Commissioner, commenced a civil action against Western Union and Empire and Bay States in the United States District Court for the Southern District of New York praying that the court enter a decree: "(1) That the plaintiff have judgment against the defendant, Empire and Bay States Telegraph Company, for the amounts of the assessments set forth in paragraph IV hereof, together with interest thereon as provided by law; "(2) That the defendant, The Western Union Telegraph *271 Company, be restrained and enjoined from paying rental dividends to the stockholders of the defendant, Empire and Bay States Telegraph Company, until the plaintiff's Collector of Internal Revenue for the Second District of New York can levy thereon, to the end that the income taxes due to the plaintiff, as above set forth, may be satisfied in full with interest; "(3) That the defendant, The Western Union Telegraph Company, pay to the plaintiff, upon notice and demand of levy from the Collector of Internal Revenue, the sums which otherwise would be payable quarterly as dividends to the stockholders of the lessor, Empire and Bay States Telegraph Company, until the taxes due and owing to the said plaintiff, hereinabove set forth, are satisfied in full, with interest as provided by law;" * * *
On March 10, 1950, a preliminary injunction was issued enjoining Western Union from paying over further rentals to the stockholders of Empire and Bay States until the further order of the court or until the taxes and interest due the United States from Empire and Bay States have been paid in full. The tax liability of Empire and Bay States involved in the above proceedings now before the *272 District Court involve the calendar years 1931 to 1939, inclusive. The Connecticut Fire Insurance Company and The First National Bank of Hartford, as executor of the Estate of Luella C. Hale, are liable to the extent of $800 and $332, respectively, as transferees for the unpaid income tax of Empire and Bay States for 1930. Opinion ARUNDELL, Judge: In , promulgated March 7, 1951, which covered, for all practical purposes, the same facts and questions of law here presented, we considered and rejected the petitioners' arguments that the Commissioner has not established the insolvency of the corporate taxpayer and has not exhausted all reasonable means at his disposal for collecting the tax from the corporation before proceeding against the petitioners as transferees. That decision, in our judgment, constitutes clear authority for sustaining the Commissioner's determination of the liability of the petitioners herein as transferees for the unpaid income taxes of Empire and Bay States for 1930. In 1930 the Connecticut Fire Insurance Company owned 200 shares of Empire and Bay States common stock and by reason thereof received rental-dividends *273 in the total amount of $800. Similarly, it has been established that Luella C. Hale in 1930 owned 83 shares of Empire and Bay States common stock and by reason thereof received rental-dividends in the total amount of $332. The stock of Luella C. Hale in Empire and Bay States passed to her estate upon her death in 1938 and was subsequently sold by her executor. Although the executor of her estate filed a final accounting which was accepted and approved on October 11, 1939, and thereafter settled and distributed the estate, it is conceded on brief that: "Under Connecticut Probate law an executor is never discharged from its duties and obligations except as to matters contained in formal accountings filed with and accepted by the Probate Court having jurisdiction of the estate in question. No accounting of the Executor in this Estate referred to the transferee liability here involved." See . Therefore, it follows the Connecticut Fire Insurance Company and the Estate of Luella C. Hale are liable as transferees for the unpaid income taxes of Empire and Bay States for 1930 in the amounts of $800 and $332, respectively. Decisions will *274 be entered for the respondent.