ESTATE OF IRVING SMITH, DECEASED, TRANSFEREE, IRVING SMITH, JR., AND THE STAMFORD TRUST COMPANY, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 102344. 102725. Promulgated April 18, 1951.

*Irving Smith, Jr., Esq.*, for the petitioners.
*Walt Mandry, Esq.*, for the respondent.

OPINION.

Arundell, *Judge:* We find no need to enter upon a discussion of the petitioners' contentions that the Commissioner has failed to establish the insolvency of Southern and Atlantic and Empire and Bay States and has not exhausted all reasonable legal remedies for the collection of the tax from those companies before proceeding against the petitioners as transferees, for these same questions were considered and decided adversely to the petitioners in *Samuel Wilcox*, 16 T. C. 572.

However, the petitioners have advanced a secondary defense to transferee liability. Petitioners point out that the decedent under Article Sixth of his will bequethed the sum of $200,000 in money or securities to his executors, "IN TRUST NEVERTHELESS," for the benefit of Harriet M. Smith for her life. Petitioners maintain that apart from their status as executors of the decedent's estate they were also in fact and in law trustees of the fund established under Article Sixth for the benefit of Harriet M. Smith. They point out that the 510 shares of Southern and Atlantic stock and 28 shares of Empire and Bay States stock were placed in such fund at the time of the accounting filed on June 1, 1922, and remained therein through and including the year 1930. Therefore, petitioners argue that the rental-dividends paid in respect to this stock in 1930 inured to the benefit of the fund or "trust" established under Article Sixth and its beneficiary and not to the benefit of decedent's estate in any degree. Petitioners conclude that the estate after June 1, 1922, held the stock as a mere "nominee" for the "trust" and received and passed on the rental-dividends as a mere "conduit."

We cannot accept petitioners' contention that the respondent erred in issuing the notice of transferee liability in the name of the petitioners as executors of the estate of Irving Smith rather than as trustees of the fund established under the will.

The Commissioner has been concerned with collecting the unpaid income taxes for 1930 due from Southern and Atlantic and Empire and Bay States and has been obliged to undertake transferee proceedings against the stockholders of those companies who received distributions of rental-dividends from Western Union in that year. Therefore, the Commissioner issued a notice of transferee liability to the petitioners who as fiduciaries in 1930 actually received, administered, and distributed such rental-dividends. Respondent chose the proper persons to proceed against, and the facts and circumstances

in the instant case show that the respondent was justified in designating the petitioners as executors as he did.

The first claim made by the petitioners that they received the distribution of rental-dividends in 1930 as trustees rather than as executors was made at the hearing of this cause on March 21, 1950, approximately 10 years after they, as executors, had filed the petition herein. Petitioners have at all times permitted the stock of Southern and Atlantic and Empire and Bay States to remain registered in their names as executors and by reason of this fact it was under that designation that the rental-dividends were paid to them in 1930. Petitioners had never been discharged as the executors of the decendent's estate and in their accounting filed with the Probate Court in 1930, described themselves as executors and the "fund" or "trust" under Article Sixth of the will as a part of the estate of Irving Smith.

Petitioners, having received the rental-dividends in their fiduciary capacity, were the proper parties for the respondent to proceed against, and we do not think that they can at this late date in good faith contend that the respondent erred in designating them in the notice of transferee liability in the manner he did. The petitioners, as far as we can learn, have never seen fit to make any clear distinction between the estate and the "trust" or their duties as executors of the estate and those imposed under Article Sixth of the will. Nor have the petitioners been misled or handicapped in the prosecution of this cause by reason of the Commissioner's designation of them as "executors."

The comments of the Court of Appeals for the Ninth Circuit in *Burnet* v. *San Joaquin Fruit & Investment Co.*, 52 F. 2d 123, citing *Casey* v. *Galli*, 94 U. S. 673, are applicable here. In that case it was stated:

Parties must take the consequences of the position they assume. They are estopped to deny the reality of the state of things which they have made appear to exist, and upon which others have been led to rely. Sound ethics require that the apparent, in its effects and consequences, should be as if it were real, and the law properly so regards it.

The petitioners have of their own volition held title to the Southern and Atlantic and Empire and Bay States stock and have received and administered the dividends therefrom as executors and in the name of the estate for a period in excess of 28 years. We do not think that they can now avoid their liability as transferees by claiming that they are trustees rather than executors and that the Commissioner has determined the transferee liability in issue against the wrong parties.

Therefore, we hold that the petitioners, The Stamford Trust Company and Irving Smith, Jr., executors of the Estate of Irving Smith, are liable as transferees under section 311 of the Revenue Act of 1928

for the unpaid income taxes of Southern and Atlantic and Empire and Bay States for 1930 in the amounts of $637.50 and $112, respectively.

*Decisions will be entered for the respondent.*