OPINION. Arundell, Judge: The principal issue herein, relating to the Commissioner’s burden of showing the insolvency of the transferors and exhausting all reasonable remedies for the collection of the tax from the transferors before proceeding against the petitioners as transferees, has been fully considered and decided adversely to the petitioners in Samuel Wilcox, 16 T. C. 572. Therefore, we shall pass immediately to a consideration of the second issue. Petitioners point to the fact that the court decree of April 2, 1917, directed them to transfer and pay over 1,994 of the 2,990 shares of Pacific and Atlantic stock and 1,166 shares of the 1,750 shares of the Southern and Atlantic stock held by the decedent’s estate, one-half to Lucy Hewitt and the other half to the Roche trust. However, the distributees under the decree requested the petitioners to retain possession of such stock, to receive the income, and to pay the same over to them. The petitioners complied with the requests and thereafter and during the year 1930 retained title to the stock in the name of the estate and received and immediately paid over to Lucy Hewitt and the Rophe trust all rental-dividends received on such stock. Therefore, the petitioners argue that the estate owned and was entitled to the rental dividends from only 996 shares of Pacific and Atlantic stock and 584 shares of Southern and Atlantic stock in 1930; that the estate had no beneficial interest in the remaining stocks registered in its name; and that the estate merely held such stock and received the rental-dividends thereon as a “nominee” for Lucy Hewitt and the Roche trust. We think that the petitioners’ position is well taken. They were completely divested of all ownership and interest in the stock which was ordered by the decree of April 2, 1917, to be distributed to Lucy Hewitt and the Roche trust. Therefore, no part of the rental-dividends received by the petitioners in 1930 with respect to the 1,994 shares of Pacific and Atlantic stock and the 1,166 shares of Southern and Atlantic stock inured in any way to the benefit of the estate or the trust which the petitioners represented in their fiduciary capacities. For that matter, it does not appear that such rental-dividends ever came into the hands of or were handled by the petitioners as the executors and trustees of the decedent’s estate. The Commissioner has made no showing that the petitioners received, administered, or distributed the rental-dividends belonging to Lucy Hewitt and the Roche trust in their fiduciary capacities or held themselves out as the beneficial owners of such stock. The single fact that the petitioners allowed the stock to remain registered in the name of the estate and, therefore, received the rental-dividends in 1930 is not sufficient to establish their liability as transferees when the evidence shows that they and the estate held title to the stock merely as nominees for the convenience of other parties. John Robert Brewer, 17 B. T. A. 713; R. E. Burdick, 24 B. T. A. 1297; Kizzie Gordon, 27 B. T. A. 377; Paulyn E. Tomfohr, 44 B. T. A. 730. Petitioners concede that the estate in 1930 was the owner of 996 shares of Pacific and Atlantic stock and 584 shares of Southern and Atlantic stock and that they held such stock and received the rental-dividends in controversy in their fiduciary capacities as executors and trustees under the decedent’s will. Petitioners herein occupy the same position with respect to such stock and the rental-dividends received thereon in 1930 as did the executors in the Estate of Irving Smith, 16 T. C. 807, wherein we held on substantially the same facts that the executors of an estate were liable as transferees. Therefore, on the authority of Samuel Wilcox, supra, and the Estate of Irving Smith, supra, we hold that the Estate of Frank Work and the petitioners as executors thereof are liable as transferees under section 311 of the Revenue Act of 1928 for the unpaid income taxes of Pacific and Atlantic and Southern and Atlantic for 1930 in the amounts of $996 and $730, respectively. Decisions will be entered under Rule 50.