SADIE D. LEARY, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31487. Promulgated April 28, 1952.

*Francis J. Purcell, Esq.*, for the petitioner.
*Arthur L. Nims, Esq.*, for the respondent.

OPINION.

BLACK, *Judge:* The only question in this proceeding is whether respondent failed to exhaust his remedies against the estate of Timothy A. Leary and is thereby prevented from asserting transferee liability against petitioner. Petitioner contends that respondent failed to assert the superior lien of the United States and the estate's assets were used to satisfy junior claims, which were primarily expenses of decedent's last illness. Assuming that petitioner's contentions as to what constitutes superior and junior liens are correct, we find, nevertheless, her defense without merit.

The respondent duly filed his claim in the New York Surrogate's Court for Federal income taxes due for the years 1944 and 1945.

The Surrogate's final decree signed September 14, 1949, shows that the assets coming into the hands of the executrix were totally disbursed for funeral and administration expenses. The decree on its face shows that there were insufficient assets to pay the debts due, including taxes. It is there expressly stated that none of the decedent's debts as such were actually paid. Then, relying on the executrix's representation that the assets of the estate were exhausted in the payment of funeral and administration expenses, no objection was raised to the final decree closing the estate. Nevertheless, petitioner now insists that the expenses of decedent's last illness were improperly classified as funeral and administration expenses, and were ordinary debts subordinate to respondent's claim for taxes. Petitioner argues that respondent was required in the first instance to seek his remedy initially in the Surrogate's Court and then presumably through the entire appellate procedure of the State of New York before relying on the transferee remedy. Furthermore, in this case the executrix was petitioner. Moreover, the sum of $2,067.67 was paid by petitioner to herself as partial reimbursement for her advances. Of petitioner's advances, $917 were funeral expenses, $329.27 for rent after decedent's death under decedent's lease, and $3,471.19 for expenses of last illness.

Section 311 of the Internal Revenue Code provides the Commissioner with procedures for collecting the tax from transferees. This is an administrative remedy, it does not create or affect transferee's liability. *Pearlman* v. *Commissioner*, 153 F. 2d 560, 562, affirming 4 T. C. 34. The concept of transferee liability here is a concept of equity law. Petitioner's defense that remedies must initially be exhausted against the transferor prior to holding the transferee liable is an equitable defense which has been recognized in transferee cases. *Oswego Falls Corporation*, 26 B. T. A. 60, 72–73, affd. 71 F. 2d 673, and *Wire Wheel Corporation of America*, 16 B. T. A. 737, affirmed per curiam 46 F. 2d 1013. In *Samuel Wilcox*, 16 T. C. 572, 576, affirmed per curiam 194 F. 2d 102, the relation between equity law, section 311, and petitioner's defense here was summarized by this Court as follows:

The creditor of an impoverished debtor has long possessed the right to invoke the aid of equity in following and setting aside any subsequent transfer which is made by a debtor for insufficient consideration and leaves the debtor without sufficient property to discharge his existing obligations. Such transfers are characterized as being in fraud of existing creditors regardless of the debtor's actual intent, and the creditor, upon showing that he has exhausted his remedies at law against the debtor, may resort to equity and there attempt to have any such fraudulent transfers set aside. See American Jurisprudence, vol. 24, pars. 187–190, pp. 314–316, par. 213, pp. 330–331. The rights of the Commissioner as a creditor in the collection of Federal taxes are essentially the same and the principal purpose of section 311 was to provide the Commissioner with the same summary procedures for collection of the tax from transferees as he previously possessed in respect to the taxpayer. See *Phillips* v. *Commissioner*, 283 U. S. 589. * * *

Were we to be governed solely by considerations of equity law, petitioner would be barred from asserting her defense. Since petitioner was responsible as executrix for exhausting the estate improperly and benefited personally thereby, under general equitable principles of estoppel and unjust enrichment and the maxim of clean hands, her defense disappears. See Pomeroy, Equity Jurisprudence, 5th Edition, sections 801–821, section 1044, and sections 397–404.

Transferee cases have stated that the administration of the Federal income tax law is not subject to limitations of state laws. *Pearlman* v. *Commissioner, supra, Christine D. Muller,* 10 T. C. 678. Where the Commissioner might have enjoined rental payments to shareholders and applied them to taxes, in *Samuel Wilcox, supra,* p. 577, we held the following:

\* \* \* However, where there is no tangible or intangible property in the hands of the taxpayer upon which the Commissioner can levy in satisfaction of the tax and there exists at best only a choice between two equitable remedies, we do not think that the Commissioner must first pursue an untried claim which the transferor may have against a third person, and thereby involve the Government in protracted litigation, as a condition precedent to his alternative recourse against the transferees. Cf. *W. W. Cleveland,* 28 B. T. A. 578, affd., 77 Fed. (2d) 184.

The possibility that timely litigation against the transferor might have been successful did not prevent transferee liability in *Lehigh Valley Trust Co., Executor,* 34 B. T. A. 528, 534, and *United States* v. *Garfunkel,* 52 F. 2d 727.

Respondent duly presented his claim and relied upon petitioner's representations as executrix that funeral and administration expenses left the estate without assets to pay taxes. To the extent that those representations were incorrect, petitioner benefited personally thereby as creditor and sole beneficiary. Petitioner's defense against transferee liability on the grounds that the remedies against the estate have not been exhausted here is not valid under equitable principles nor Federal income tax law.

*Decision will be entered for the respondent.*