OPINION. Arundell, Judge: Our decision in Samuel Wilcox, 16 T. C. 572, serves to dispose of the objections raised by the petitioners to respondent’s determination of a transferee liability with the exception of several secondary points. Petitioners suggest that Western Union is required under the terms of “Article Sixteenth” of the lease agreement to pay the income taxes of Southern and Atlantic. We shall not attempt to determine the Tights of the respective parties under the lease agreement. It is our understanding that the Commissioner must assess and collect the tax in compliance with the applicable revenue laws and the procedures prescribed therein, and is in no way bound by an agreement between taxpayers as to who shall pay a tax even though the agreement may be valid and enforceable between the parties thereto. Cf. Frank R. Casey, 12 T. C. 224. Moreover, it is not at all clear that Western Union is obligated to pay Federal income taxes of Southern and Atlantic under the terms of the lease agreement and no effort, so far as we know, has ever been made by Southern and Atlantic to establish any such obligation on the part of Western Union. Cf. Samuel Wilcox, supra. Petitioners further argue that they were justified in distributing the assets of the decedent’s estate in 1942 in view of the decisions of the Court of Appeals for the Second Circuit in Harwood v. Eaton, 68 F. 2d 12, certiorari denied, 292 U. S. 636, and Western Union Telegraph Co. v. Commissioner, 68 F. 2d 16, certiorari denied, 292 U. S. 636, and that the estate having been closed should not now be held as a transferee. However, petitioners admit they received the notice of transferee liability in 1940, at which time they were acting as executors of the estate. Cf. Estate of L. E. McKnight, 8 T. C. 871; Hulburd v. Commissioner, 296 U. S. 300. They apparently recognized it as a claim against the estate for in that same year they instituted this proceeding, which proceeding was still pending at the time of the distribution of the estate in 1942. We think it is immaterial that petitioners may have believed that the claim made by the Commissioner against the decedent would be defeated by the cases decided at that time, for so long as the present case was before the court, the petitioners were on notice that the Commissioner had not abandoned his position and there remained a possibility for the estate’s being held liable as a transferee for the unpaid income taxes of Southern and Atlantic. Nor can we accept the argument that the estate can only be held for its pro rata share of the tax. It is well settled that a transferee is severally liable for the unpaid tax of the transferor to the extent of the assets received and other stockholders or transferees need not be joined. Phillips v. Commissioner, 283 U. S. 589. In the event that one transferee is called upon to pay more than his pro rata share of the tax, he is left to his rights of contribution from the other transferees. It follows that the estate of Robert Lewis Harrison is liable as á transferee under the provisions of section 311 of the Revenue Act of 1928 for the unpaid income tax liability of Southern and Atlantic for 1930 to the extent of $375, representing the rental-dividends received by the decedent from Western Union in that year. Decision will be entered for the respondent.