WILLIAM C. MANN, TRANSFEREE, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Mann v. Commissioner
Docket Nos. 8811-73, 8852-73, 8853-73.
United States Tax Court
T.C. Memo 1976-78; 1976 Tax Ct. Memo LEXIS 322; 35 T.C.M. (CCH) 342; T.C.M. (RIA) 760078; March 16, 1976, Filed Lyman T. Burgess, for the petitioners. Peter J. Panuthos, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined that petitioners are liable, as transferees, for the income tax deficiency of Airport Industrial Park, Inc., transferor, for its taxable year ending December 31, 1969. The deficiency is $79,878.00. The issues are: (1) Whether the transferor was a collapsible corporation within the meaning of section 341 [2] and was, therefore, not entitled to benefit from the nonrecognition provisions of section 337; *323 and (2) whether each petitioner, as transferee, is severally liable to the extent of cash he received upon liquidation of the transferor. FINDINGS OF FACT The facts were stipulated and are found accordingly. Petitioner William C. Mann lived at Old Feeding Hills Road, Westfield, Massachusetts, when his petition herein was filed. Petitioner William C. Russell lived at 405 East 54th Street, New York, New York, when his petition herein was filed. Petitioner Harold J. Martin lived at 49 Llewellyn Drive, Westfield, Massachusetts, when his petition herein was filed. Airport Industrial Park, Inc. (hereinafter Airport) was a corporation duly organized under Massachusetts law. Airport filed its U.S. Corporation Income Tax Return for 1969 with the Andover Service Center, Andover, Massachusetts. Petitioners formed Airport to acquire, develop, hold, and liquidate real property under favorable opportunities. On April 18, 1969, Airport entered a written option agreement with Digital Equipment Corporation (hereinafter DEC) whereby Airport agreed to sell DEC certain land (approximately 241 *324 acres) for $450,000. On May 14, 1969, DEC notified Airport in writing that it was exercising its option to purchase in accordance with the April 18, 1969 agreement. On May 22, 1969, Airport and DEC entered a written purchase and sale agreement whereby Airport agreed to convey to DEC approximately 241 acres of land for $450,000. [3]
Each petitioner owned a third of the total outstanding shares of Airport. On June 6, 1969, Airport's stockholders held a special meeting at which they approved the sale of the real estate referred to in the May 22, 1969 purchase and sale agreement. On June 6, 1969, Airport, through its officers and stockholders, formally adopted a plan for liquidation of the corporation which was carried out within a 12-month period beginning on the date of adoption of the plan. Airport, in the process of liquidation, made the following cash distributions to petitioners: William C.
William C.
Harold J. Date
Mann
Russell
Martin
Totals
May 2, 1969
$ 6,000
$ 6,000
$ 6,000
$ 18,000
June 12, 1969
12,000
12,000
12,000
36,000
July 22, 1969
37,500
37,500
37,500
112,500
Sept. 8, 1969
4,400
4,400
4,400
13,200
$59,900
$59,900
$59,900
$179,700
*325 These distributions constituted distribution of all Airport's assets. Airport was dissolved on November 25, 1970, in accordance with a statement filed with the Commonwealth of Massachusetts. On its U.S. Corporation Income Tax Return for 1969, Airport stated that it sold all of its assets in 1969 and treated the profit from the sale as ordinary income. It paid no tax, however, invoking the nonrecognition provisions of section 337. Airport held the acreage it sold for less than three years. Respondent determined that Airport was a collapsible corporation within the meaning of section 341. The parties have agreed that if the Court determines that Airport was a collapsible corporation, then Airport is denied the benefit of the nonrecognition provisions of section 337. The parties further agree that if the Court determines that a deficiency is due from Airport, then petitioners herein are liable for said deficiency as transferees of Airport's assets. OPINION The first issue is whether Airport Industrial Park, Inc. was a collapsible corporation within the meaning of section 341. If it was, then it must be denied the benefits of nonrecognition under section 337. [4]
*326 Respondent determined that Airport was a collapsible corporation within the meaning of section 341. This determination is presumptively correct. Petitioners have the burden of proving otherwise. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.This case was not submitted to this Court as fully stipulated under Rule 122, Tax Court Rules of Practice and Procedure. Nevertheless, petitioners' counsel submitted no evidence at trial, aside from a stipulation of facts and exhibits attached thereto, although this Court cautioned petitioners' counsel at least four times at trial that petitioners had the burden of proof. The stipulated facts and exhibits attached thereto are clearly insufficient to carry petitioners' burden. We hold that Airport was a collapsible corporation within the meaning of section 341. Accordingly, it must be denied the benefit of the nonrecognition provisions of section 337 and must recognize gain from the sale of acreage to DEC. The parties did stipulate that if the Court determines that a deficiency is due from Airport, then petitioners are liable for the deficiency as transferees of Airport's assets. *327 The second issue concerns the specific apportionment of that deficiency among petitioners. Respondent argues that each petitioner should be severally liable for the transferor's deficiency to the extent of assets received. Each petitioner received $59,900 in cash as a result of Airport's liquidation. In essence, respondent is arguing that he could assess one transferee a disproportionate share of the deficiency provided that he assessed that transferee no more than $59,900. Petitioners argue that any liability must be apportioned on a pro rata basis, based upon percentage of stock held in the corporation when the liability arose. Each petitioner held a third of the shares and so, according to their argument, each would be liable for a third of the deficiency. Respondent is clearly correct. Phillips v. Commissioner,283 U.S. 589 (1931); Estate of Robert Lewis Harrison,16 T.C. 727 (1951). We accordingly hold for respondent. Petitioners' reliance on Commissioner v. Stern,357 US. 39 (1958) is misplaced. Nowhere in Stern did the Supreme Court overrule the specific holding of Phillips at 603 that "[one] who receives corporate *328 assets upon dissolution is severally liable, to the extent of assets received, for the payment of taxes of the corporation * * *." Decisions will be entered for the respondent.
Footnotes
1. Cases of the following petitioners are consolidated herewith: William C. Russell, Transferee, docket No. 8852-73; and Harold J. Martin, Transferee, docket No. 8853-73.↩
2. Statutory references are to the Internal Revenue Code of 1954, unless otherwise indicated.↩
3. The purchase and sales agreement is not entirely clear, but apparently Airport also agreed to convey a second parcel of land containing 18,000 square feet.↩
4. SEC. 337. GAIN OR LOSS ON SALES OR EXCHANGES IN CONNECTION WITH CERTAIN LIQUIDATIONS. (a) General Rule.--If-- (1) a corporation adopts a plan of complete liquidation on or after June 22, 1954, and (2) within the 12-month period beginning on the date of the adoption of such plan, all of the assets of the corporation are distributed in complete liquidation, less assets retained to meet claims, then no gain or loss shall be recognized to such corporation from the sale or exchange by it of property within such 12-month period. * * *
(c) Limitations.-- (1) Collapsible corporations and liquidations to which section 333 applies.--This section shall not apply to any sale or exchange-- (A) made by a collapsible corporation (as defined in section 341(b)) * * *↩