[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13539

_____

Tax Court Case No. 20177-11


RICHARD H. CULLIFER,

Petitioner – Appellant,

versus

COMMISSIONER OF IRS,

Respondent – Appellee.


_____

Appeal from the
United States Tax Court

_____

(May 31, 2016)

Before HULL and BLACK, Circuit Judges, and ROTHSTEIN,[*] District Judge.

PER CURIAM:

_____

[*] Honorable Barbara Jacobs Rothstein, United States District Judge for the Western District of Washington, sitting by designation.

Richard H. Cullifer appeals from a decision of the United States Tax Court determining that he is liable as a transferee under the Internal Revenue Code (I.R.C.), 26 U.S.C. § 6901, for the unpaid corporate income taxes of Neches Industrial Park, Inc. (Neches). As a controlling shareholder of Neches, Cullifer orchestrated the sale of Neches to MidCoast Investments, Inc. (MidCoast)[1] as part of an "intermediary" or "Midco" tax shelter scheme. The goal of this transaction was to distribute gains from the sale of Neches's appreciated assets to Cullifer and Midcoast without paying corporate-level taxes on the gains. The Tax Court held that Cullifer was liable as a transferee under § 6901 because the Midco transaction was fraudulent under the Texas Uniform Fraudulent Transfer Act (TUFTA). After review, we affirm.[2]

Section 6901 permits the IRS to proceed against a transferee of property to recover federal tax, penalties, and interest owed by a transferor. *See* 26 U.S.C. § 6901. A party who receives a transfer of property may be held liable under § 6901 if (1) the transferor is liable for the unpaid taxes; (2) the party is a transferee within the meaning of § 6901; and (3) the party is subject to transferee liability under state law. *Id.*; *Comm'r v. Stern*, 357 U.S. 39, 45 (1958); *Hagaman*

---

[1] As used in this opinion, the term "MidCoast" refers to both MidCoast Investments, Inc., and to its wholly-owned subsidiary, Neches Holdings, LLC, which was formed for the purpose of acquiring Neches.

[2] We review the Tax Court's factual findings for clear error and its legal conclusions *de novo*. *Estate of Atkinson v. Comm'r*, 309 F.3d 1290, 1293 (11th Cir. 2002).

2

*v. Comm'r*, 100 T.C. 180, 183 (1993). Cullifer concedes that Neches is liable for the unpaid taxes; he also concedes that he is a transferee under I.R.C. § 6901. Thus, the only question on appeal is whether Cullifer is subject to transferee liability under state law.

The state law at issue in this case is the Texas Uniform Fraudulent Transfer Act (TUFTA). Transferee liability exists under TUFTA if the transfers at issue were fraudulent. As relevant, TUFTA provides for two ways in which a transfer may be found to be fraudulent. First, a transfer is fraudulent as to a present creditor if (1) reasonably equivalent value is not received in exchange; and (2) the debtor is rendered insolvent by the transfer. Tex. Bus. & Com. Code Ann. § 24.006(a). Second, a transfer is fraudulent as to a present or future creditor if (1) reasonably equivalent value is not received in exchange; and (2) the transfer renders the debtor what one might term "near insolvency," as indicated by the fact that the debtor either:

> (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

> (B) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

3

*Id.* § 24.005(a)(2).[3]

The Tax Court held in a thorough, well-reasoned opinion, that Cullifer is subject to transferee liability for fraudulent transfers he received in connection with the Midco transaction.  The Tax Court first found that Neches did not receive "reasonably equivalent value" for the various transfers it made to Cullifer and Cullifer-owned entities during the Midco transaction.[4]  As to transfers made before Neches sold its appreciated assets and incurred tax liability (*i.e.*, before the IRS became a creditor), the Tax Court held that Cullifer was liable as a transferee under § 24.005(a)(2) because the IRS was a future creditor and Neches was rendered near insolvency as described in § 24.005(a)(2)(B).  As to transfers made after the asset sale, the Tax Court held that Cullifer was liable as a transferee under § 24.006(a) because Neches was rendered insolvent by the various Midco-related transfers. *See Arriaga v. Cartmill*, 407 S.W.3d 927, 928, 932 (Tex. App. 2013) (considering for the purpose of determining insolvency whether related transfers, in the aggregate, rendered the debtor insolvent); *Shelley v. Walnut Place Nursing Home*, No. 05-94-01047-CV, 1995 WL 73094, at *5 (Tex. App. Feb. 23, 1995) (same).

---

[3] In addition to these "constructive fraud" provisions, TUFTA contains an "actual fraud" provision.  Under that provision, a transfer is fraudulent as to a present or future creditor if the debtor made the transfer "with actual intent to hinder, delay, or defraud any creditor of the debtor."  Tex. Bus. & Com. Code Ann. § 24.005(a)(1).

[4] The Tax Court excluded from this analysis certain transfers it identified as legitimate management fees.

4

The Tax Court then held that Cullifer was liable for the proceeds of the sale of Neches' stock—which came from MidCoast rather than directly from Neches—on the basis that Cullifer was a "transferee of a transferee." *See Sawyer Trust of May 1992 v. Comm'r*, 712 F.3d 597, 606, 612 (1st Cir. 2013) (applying the Massachusetts UFTA and concluding that a chain of fraudulent transfers can create liability at each step in the process). Finally, the Tax Court rejected Cullifer's argument that the IRS failed to make reasonable efforts to collect from other parties involved in the Midco transaction. *See Zadorkin v. Comm'r*, T.C. Memo. 1985-137, 49 T.C.M. (CCH) 1022, 1028 (1985) (IRS must make "all reasonable efforts" to collect the tax liability from the transferor before proceeding against the transferee (quoting *Sharp v. Comm'r*, 35 U.C. 1168, 1175, 1961 WL 1287 (1961))); *Estate of Harrison v. Comm'r*, 16 T.C. 727, 731, 1951 WL 126 (1951) (transferees are jointly and severally liable for the unpaid taxes of the transferor).

With the benefit of oral argument, and after thorough review of the briefs and the record, we conclude that each transfer at issue was fraudulent under TUFTA. *See* Tex. Bus. & Com. Code Ann. §§ 24.005(a)(2), 24.006(a). We conclude that the Tax Court correctly determined that Cullifer was liable for the stock-sale proceeds as a transferee of a transferee. *See Sawyer Trust of May 1992*, 712 F.3d at 606, 612. Finally, we conclude that to the extent the IRS was required to make collection efforts against other parties to the Midco transaction before

5

proceeding against Cullifer, the IRS met its burden to do so.  *See Zadorkin*, T.C.

Memo. 1985-137, 49 T.C.M. (CCH) at 1028; *Estate of Harrison*, 16 T.C. at 731.

Cullifer is therefore subject to transferee liability under I.R.C. § 6901 for the

transfers at issue on appeal.

**AFFIRMED.**